IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**FILED**

8:38 am, 7/1/21

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| THE CROW TRIBE OF INDIANS, et al., | |
| Plaintiffs, | |
| v. | Case No.  92-CV-1002-ABJ |
| CHUCK REPSIS, et al., | |
| Defendants. | |

## ORDER ON RELIEF FROM JUDGMENT

THIS MATTER comes before the Court on Plaintiffs' Motion for Partial Relief from Judgment. ECF No. 69. Defendants responded on March 1, 2021. ECF No. 78. Plaintiffs replied to Defendants' response on March 19, 2021. ECF No. 79. The Court held a hearing on the matter on May 17, 2021. Having reviewed the filings, arguments, applicable law, and being otherwise fully advised, the Court hereby **DENIES** Plaintiffs' Motion.

## BACKGROUND

Members of the Crow Tribe initiated this case in 1992 because they wanted a declaration that the Fort Laramie Treaty of 1868 gave them the unrestricted right to hunt and fish on Bighorn National Forest lands in the State of Wyoming. *Crow Tribe of Indians v. Repsis,* 866 F.Supp. 520, 521 (D. Wyo. 1994). This Court granted summary judgment in favor of Defendants because it found the United States Supreme Court case *Ward v. Race*

1

*Horse*, 163 U.S. 504 (1896) to be controlling, as the fact patterns and treaty language were similar. *Id.* at 524. *Race Horse* held Wyoming's statehood abrogated tribal hunting rights, so this Court felt compelled to come to the same conclusion. *Repsis,* 866 F.Supp. at 523. The case was dismissed. *Id.* at 525.

The Crow Tribe appealed this Court's decision to the Tenth Circuit, who affirmed. *Crow Tribe of Indians v. Repsis,* 73 F.3d 982 (10th Cir. 1995). First, the Tenth Circuit affirmed the dismissal, finding *Race Horse* was still good law and concluding the tribal hunting rights were extinguished upon Wyoming's statehood. *Id.* at 989-92. Although this Court's opinion did not discuss it, the Tenth Circuit also affirmed the dismissal because it found the creation of the Bighorn National Forest was an "occupation" of the land within the meaning of the Treaty, and the hunting rights only lasted while the land was unoccupied. *Id.* at 993. The Tenth Circuit also affirmed on a conservation necessity finding, stating "there is ample evidence in the record to support the States' contention that its regulations were reasonable and necessary for conservation." *Id.*

## STANDARD OF REVIEW

Plaintiffs ask for partial relief from this Court's judgment. ECF No. 70. The Federal Rules of Civil Procedure allow relief where the judgment "is based on an earlier judgment that has been reversed or vacated [] or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). A judgment is not "based on" an earlier judgment when it was simply used as precedent. *Manzaneres v. City of Albuquerque,* 628 F.3d 1237, 1240 (10th Cir. 2010). When there is "a significant change either in factual conditions or in law" and continued enforcement of the judgment is "detrimental to the public interest," the Court

2

may grant relief. *Horne v. Flores,* 557 U.S. 433, 447 (2009). But the changed circumstances must produce a "hardship so extreme and unexpected as to make the decree oppressive." *EEOC v. Safeway Stores,* 611 F.2d 795, 800 (10th Cir. 1975).

Additionally, this Court may grant relief for "any other reason that justifies [it]." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) is only available "when it offends justice to deny such relief." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1232 (10th Cir. 1999). "A change in the law or in the judicial view of an established rule of law is not [] an extraordinary circumstance which justifies such relief." *Collins v. City of Wichita,* 254 F.2d 837, 839 (10th Cir. 1958).

Relief from judgment is extraordinary. *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir. 1979). The party requesting relief from judgment bears the burden. *Horne*, 557 U.S. at 447. Motions "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). Reasonableness of the timing "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *United States v. All Monies from Account No. PO-204,675.0,* 1998 WL 769811 at 5 (10th Cir. 1998).

## DISCUSSION

### A. Arguments

Plaintiffs request this Court grant relief from the judgment barring their off-reservation treaty hunting rights. ECF No. 70 at 8. First, Plaintiffs seek relief under Rule 60(b)(5) because this Court based its judgment entirely on *Race Horse,* finding the facts and legal issues identical. *Id.* at 17-18. However, *Race Horse* was overturned in *Herrera*

*v. Wyoming,* 139 S.Ct. 1686 (2019) when the U.S. Supreme Court determined Wyoming's statehood did not abrogate the Crow Tribe's hunting rights. *Id.* at 18. Although the Tenth Circuit affirmed this Court's decision, Plaintiffs argue the Court can still grant relief without first seeking leave from the Tenth Circuit. *Id.* at 19.

Alternatively, Plaintiffs argue they are entitled to relief under Rule 60(b)(6). *Id.* at 20. The Crow Tribe ceded millions of acres of land to the United States through treaties based on the understanding its members would have the right to hunt upon that land. *Id.* Plaintiffs do not believe this Court's judgment should continue to impede their off-reservation treaty hunting rights. *Id.*

The Tenth Circuit affirmed this Court's decision, but also stated alternative bases for its affirmance; specifically, regarding the occupation of the Bighorn National Forest and conservation necessity. Plaintiffs request this Court declare the alternative holdings are not part of the final judgment. *Id.* at 22, 24.

If the Court were to find the Tenth Circuit's alternative holdings are part of the final judgment, Plaintiffs request this Court vacate the decision. *Id. Herrera* determined the creation of the Bighorn National Forest did not preclude the treaty hunting rights; so, Plaintiffs believe the Tenth Circuit's contrary holding should be vacated. *Id.* at 22. The treaty is federal law, so Plaintiffs argue this Court should vacate the Tenth Circuit's alternative holding to enforce the treaty. *Id.* at 23.

In regards to the conservation necessity holding, Plaintiffs claim the evidentiary standard the Tenth Circuit articulated would not have been sufficient to resolve the summary judgment motion that was on appeal, and the Tenth Circuit did not address all of

the elements for a conservation necessity finding. *Id.* at 23-24. Alternatively, equity requires the decision be vacated under Rule 60(b)(6), according to Plaintiffs. *Id.*

Plaintiffs also claim they are entitled to relief from the conservation necessity holding under Rule 60(b)(5) because of its prospective effect. *Id.* at 24. The conservation necessity finding has prospective effect because Wyoming continues to rely on it to regulate the Crow Tribe's off-reservation treaty hunting rights. *Id.* at 24-25. However, Plaintiffs contend the circumstances have changed because there is a significant overpopulation of elk that was not present 25 years ago. *Id.* at 27. Further, the goal of conservation necessity has been met because the elk population exceeds the State's management objectives and Wyoming is now trying to reduce their population. *Id.* at 28.

The Motion must be timely in order to receive relief, and Plaintiffs argue their Motion is timely because the earliest they could have brought the Motion was May 20, 2019 when the U.S. Supreme Court decided *Herrera* and expressly overruled *Race Horse*. *Id.* at 9. They did not immediately move for relief because Plaintiffs believed Wyoming would stop relying upon this decision and did not know the state courts would preclude tribal members from utilizing the treaty as a defense to criminal prosecution. *Id.* at 10. Further, COVID-19 and a change in tribal leadership added to the timeline. *Id.* Plaintiffs do not believe Defendants have suffered prejudice from any delay; rather, they believe the delay benefitted them. *Id.* at 10-11.

Defendants first contend Plaintiffs have not been diligent in seeking relief because they could have sought relief in 1999 after the U.S. Supreme Court's ruling in *Minnesota v. Mille Lacs Band of Chippewa Indians,* 526 U.S. 172 (1999), which the U.S. Supreme

Court directly applied in *Herrera*. ECF No. 78 at 16-17. They argue there is prejudice because relief in this case could harm Wyoming in state court proceedings where they are litigating whether the holdings in the *Repsis* litigation have issue preclusive effect. *Id.* at 17.

Even if the Motion was timely, Defendants argue Plaintiffs are not entitled to relief. *Id.* at 18. First, they contend this Court's holding that Wyoming's statehood abrogated Plaintiffs' hunting rights was not "based on" *Race Horse*. *Id.* It was merely precedent for this Court's decision, which is not enough for relief under Rule 60(b)(5). *Id.*

Further, Defendants contend it is not inequitable to apply the judgment prospectively just because the primary holding regarding Wyoming's statehood no longer binds the Crow Tribe. *Id.* at 19. The Tenth Circuit affirmed on alternative grounds as well. *Id.* at 19. Defendants do not believe Rule 60(b) is the appropriate vehicle for relief, and instead contend Plaintiffs should follow the appellate process pending in the state courts. *Id.*

Defendants do not believe Rule 60(b) allows this Court to overrule the Tenth Circuit's alternative holdings on occupation of the Bighorn National Forest and conservation necessity. *Id.* at 20, 23. These holdings were not based on *Race Horse. Id.* The only potential inequity from prospective application of the occupation holding is the issue preclusive effect, according to Defendants. *Id.* Because of the principle of finality in judicial decisions, Defendants contend issue preclusion would not be inequitable. *Id.* at 22. A change in the law is not enough for relief under Rule 60(b)(6). *Id.*

While Defendants concede there may be inequity in the prospective application of the conservation necessity holding at some point, they contend that day is not today because the Crow Tribe's treaty rights are not firmly established with each specific site in the Bighorn National Forest. *Id.* at 24. Depending on the state court's resolution of the issue preclusive effect of the occupation holding, Defendants argue the conservation necessity holding may not have any practical effect. *Id.* at 25. Defendants believe the issue of conservation necessity should be determined through an evidentiary hearing or trial at the state court level, not a Rule 60(b) motion. *Id.* If the Crow Tribe were to win in the state court proceedings, Defendants contend Plaintiffs would not need relief from this Court. *Id.*

Alternatively, Defendants request this Court abstain from deciding this Motion until the state court proceedings are complete. *Id.* at 26. There are ongoing state criminal proceedings addressing the same issues that are present here, and Defendants argue they have significant ramifications for the ability to manage game, hunting, and on future relations with the Crow Tribe. *Id.* at 27. Defendants contend the state proceedings are the best forum to determine whether the holdings in *Repsis* should continue to bind Crow Tribe members because the U.S. Supreme Court determined it should be so in *Herrera*. *Id.* at 28. The Crow Tribe is participating in the state proceedings, and Defendants argue the Tribe should not be able to collaterally attack those proceedings. *Id.* Even if abstention is not required, Defendants argue this Court should still decline to exercise jurisdiction at this time because the action is being used for the purpose of procedural fencing and it would cause friction between the federal and state courts. *Id.* at 29.

Plaintiffs oppose abstention because the ongoing state proceedings present purely federal questions; although Wyoming law declares wildlife is State property, Plaintiffs argue this law cannot impair their treaty rights. ECF No. 79 at 3-4. The state court proceedings are not an adequate forum, according to Plaintiffs, because the scope of this Court's judgment reaches beyond Wyoming state courts to the Crow Tribe's lands in Montana and the Dakotas as well. *Id.* at 4. Further, the Crow Tribe can only participate in the state proceedings as an amicus curiae with leave of the state courts. *Id.* at 5.

Discretionary abstention is also improper, according to Plaintiffs, because there will be no friction between the state and federal courts; if this Court grants the Motion then the state court will be able to resolve the preclusion issues easier, but if it is denied then the state court can still proceed. *Id.* Plaintiffs dispute the notion they are collaterally attacking the state court proceedings because a Rule 60(b) motion is not an action within the meaning of a collateral attack. *Id.* at 6.

## B. Abstention

First the Court will address the abstention issues to determine whether it should reach the merits of the Motion. Defendants primarily believe this Court should abstain from addressing the Motion under the *Younger* doctrine. ECF No. 78 at 26-28. This doctrine instructs federal courts to avoid granting equitable relief that would interfere with state court proceedings when such relief could be sought from the state court. *Amanatullah v. Colo. Bd. Of Med. Exam'rs.,* 187 F.3d 1160, 1163 (10th Cir. 1999). In the Tenth Circuit, federal courts must abstain when: "(1) there is an ongoing state criminal … proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal

complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Id.*

The first factor for abstention is met here; there are state criminal proceedings currently being conducted in the *Herrera* case, on remand from the U.S. Supreme Court. ECF No. 70-1, ECF No. 78-2. However, the second factor for abstention is not met. The Court does not believe the state proceedings provide an adequate forum for Plaintiffs. They seek to be free from this Court's judgment. While a favorable ruling on issue preclusion in the state court proceedings could relieve Plaintiffs from the binding effect of this Court's judgment in those particular proceedings, this would not bind other courts. Presumably Plaintiffs have further goals beyond utilizing a favorable ruling here to change the course of the state court proceedings in *Herrera*. They have land in the Dakotas and Montana; so, it is foreseeable that litigation regarding these issues may be presented before courts in those states. There may also be the potential for further litigation in Wyoming if the case presented itself. A favorable issue preclusion ruling in the *Herrera* state court proceedings would not necessarily apply to courts in other states or other litigation in Wyoming if the circumstances were different. The only way Plaintiffs can fully receive the relief they seek is through an order vacating this Court's judgment.

Further, the Crow Tribe is only allowed to participate in the state court proceedings as an amicus curiae. Therefore, its ability to fully represent the interests of all members, as opposed to just Mr. Herrera, is impaired in the state court proceedings. State court is not an adequate forum for the Tribe.

On balance, the last factor weighs against abstention. The state court proceedings look to federal law for resolution, not state law. The *Herrera* proceedings are addressing whether the area in which an elk was removed was occupied within the meaning of the treaty, whether conservation necessity allows the state to regulate treaty hunters, and whether issue preclusion prevents Mr. Herrera from arguing occupation of the Bighorn National Forest and conservation necessity. ECF No. 70-1 at 3. First, the occupation issue clearly invokes federal law because it involves the interpretation of the treaty granting hunting rights, and it could potentially extinguish the Crow Tribe's protections. *See Timpanogos Tribe v. Conway,* 286 F.3d 1195, 1203 (10th Cir. 2002) (explaining the termination of Indian occupancy protection under treaties requires the application of federal law).

The conservation necessity issue invokes a mix of federal and state interests. Federal interests because the Court is addressing federally guaranteed treaty hunting rights, but state interests are also at play because the State has the authority to impose "reasonable and necessary nondiscriminatory regulations on Indian hunting … in the interest of conservation." *See Mille Lacs,* 526 U.S. at 205.

Further, the state courts have been applying federal rules on issue preclusion to determine whether Mr. Herrera can utilize defenses the State claims have already been addressed in other proceedings. *Id.* at 14. In totality, the issues in the state court proceedings largely invoke federal concerns; so, the Court does not believe *Younger* abstention is applicable.

Defendants also requested this Court use its discretionary powers to abstain from resolving the Motion at this time. ECF No. 78 at 28-29. When there is an action for declaratory judgment, courts may consider some of these factors in determining whether to proceed:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*;' [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*St. Paul Fire & Marine Ins. Co. v. Runyon,* 53 F.3d 1167, 1169 (10th Cir. 1995). This process does not appear to typically occur at such a late stage in the case, after the final judgment was already entered. Nevertheless, this Court will proceed to weigh the factors because Plaintiffs are essentially asking for declaratory relief; they have asked the Court to declare certain issues were not part of this Court's judgment.

Defendants' main contention is this Motion is being used to attack the state court proceedings and resolution at this time would cause friction between the federal and state courts. ECF No. 78 at 29. To begin, the Court does not believe a ruling would create any friction between the federal and state courts. If the Court were to grant the Motion then the state courts would know the judgment cannot be given preclusive effect in the state proceedings; if the Court denies the Motion then the state courts could still determine whether to give the judgment preclusive effect. A ruling today would provide more guidance to the state courts, not create friction; and it would settle the controversy between the parties about the binding effect of the judgment. Although Plaintiffs are clearly trying

to alter the course of the state court proceedings by filing this Motion, the Court does not believe it is necessary to abstain from ruling on the issues. It makes the most sense for this Court address its *own* judgment, rather than having the state courts analyze it.

The Court should abstain from a case when the same issues are likely to be decided elsewhere. *Runyon*, 53 F.3d at 1170. However, the issues Plaintiffs ask the Court to address will not be decided elsewhere. To address this Motion, the Court will examine its previous judgment, the Tenth Circuit decision affirming the judgment, and the Supreme Court's *Herrera* decision to determine whether relief from judgment should be granted. The state courts will address issues involving conservation necessity and/or occupation of the Bighorn National Forest, as well as issue preclusion. An analysis regarding relief from judgment is distinct from these state court issues, and this Court is the only forum that can decide the issue of whether relief from judgment should be granted.

Ultimately, the Court does not believe any abstention is necessary and that a resolution to this Motion will help the parties moving forward in the state court proceedings and in potential future litigation. There is no apparent reason to wait on issuing a ruling, and it is unclear how long the state court proceedings will take at this point in time. The case is now on appeal from the state circuit court, but it could take years to resolve the issues if the case makes its way from the district court back up to the Supreme Court. Nothing the Court does here will unnecessarily interfere with the state court proceedings; a favorable decision for Plaintiffs would instruct the state courts that this judgment no longer binds tribal members. A denial of the Motion will not have any impact on the state

court proceedings whatsoever. For these reasons, the Court will not abstain from exercising jurisdiction over this Motion.

### C. Timing of the Motion

Although the Motion for Relief from Judgment was filed a considerably long amount of time after the final judgment in this case, approximately 26 years to be exact, the Court believes it was filed within a reasonable time. Plaintiffs' practical ability to learn of the grounds for relief from judgment only arose in 2019 when the U.S. Supreme Court decided *Herrera*. Despite Defendants' contentions that Plaintiffs could have raised the issue in 1999 after the *Mille Lacs* decision, the Court does not agree. Clearly there were still questions regarding the applicability of *Race Horse* or the *Herrera* decision would have been entirely unnecessary.

There was delay in bringing the Motion after the *Herrera* decision was issued, but Plaintiffs did not know of the necessity of bringing this Motion until the state court proceedings began on remand. At that point it became clear the State was going to contest Mr. Herrera raising defenses regarding conservation necessity and occupation of the Bighorn National Forest. The state circuit court ruled in favor of the State and found preclusive effect, so Plaintiffs determined it was necessary to receive relief from this judgment in order to allow Mr. Herrera to formulate his defense on remand. Although there was also delay after the circuit court's ruling, Plaintiffs attribute this to the pandemic and a change in tribal leadership. The pandemic has made litigation difficult for many, and compounding that with a change in leadership makes the additional delay unavoidable.

Defendants have not suffered any prejudice from the delay because they have had the ability to regulate tribal hunting without any interference. If the Court were to grant relief from this judgment then any delay would have been beneficial to Defendants, as they would have been able to rely on the judgment for over 20 years. If the Court denies relief from the judgment, then Defendants will be able to continue to rely on the judgment and nothing will change. Regardless, any delay in bringing the Motion was not prejudicial.

Defendants argue the timing of the Motion is prejudicial because Plaintiffs waited to seek relief until after the state circuit court determined there was preclusive effect on various issues Mr. Herrera attempted to raise in his defense. ECF No. 78 at 17. Although relief from this judgment may affect how the State argues its case in the state court proceedings, relief would not entirely prejudice the State. Instead of skirting the issues of conservation necessity and occupation, the State may be forced to address them. But relief here would not completely compromise the case; the State could still make arguments on conservation necessity and occupation in order to prosecute Mr. Herrera. Prejudice requires a greater showing than the inability to rely on the judgment in the future; that is precisely the purpose of Rule 60(b). *See FG Hemisphere Assocs., LLC v. Democratic Republic of Congo,* 447 F.3d 835, 840 (D.C. Cir. 2006).

The need for finality in judgments must also be considered along with the other circumstances of the case when addressing timeliness. *See Brown,* 608 F.2d at 413. Despite the need for finality in this case, the Motion is timely. Plaintiffs could not have brought this case until after *Herrera,* and then waited roughly two years after the decision because of explainable delays. Further, Defendants suffered no prejudice from the delay apart from

14

the possibility they will be unable to rely on this judgment in the future, which is not enough. On balance, Plaintiffs have brought the Motion with a reasonable time frame and have overcome the interests in finality when considering timeliness.

### D. Wyoming's Statehood Holding

To begin, the Court notes it will address the issues in the manner Plaintiffs raised them; first beginning with this Court's holding regarding Wyoming's statehood, then separately addressing the Tenth Circuit's alternative holdings on occupation of the Bighorn National Forest and conservation necessity. Plaintiffs request relief under Rule 60(b)(5) or 60(b)(6). ECF No. 70 at 17. Although the Tenth Circuit affirmed this Court's judgment, the Court does not need to seek leave before addressing the Motion to Vacate Judgment. *See Standard Oil Co. of Cal. v. United States,* 429 U.S. 17 (1976) (per curiam). The Tenth Circuit's decision addressed the same issues and considered the same record; so, the Court need not seek leave to grant relief from its judgment that was affirmed. *See id.* at 18 (explaining appellate-leave was not necessary when the appellate decision "relate[d] to the record and issues then before the court, and d[id] not purport to deal with possible later events.")

Moving to the merits of the Motion, Plaintiffs are not entitled to relief under Rule 60(b)(5) because the judgment was not sufficiently "based on" *Race Horse* in the manner envisioned under the Federal Rules of Civil Procedure. Although this Court felt compelled to follow *Race Horse* as binding precedent, and acknowledged the facts and issues were identical, this is still not enough for relief under Rule 60(b)(5). *Repsis,* 866 F.Supp. at 522-24. For a judgment to be "based on" a prior case, it must be in the same sense as res judicata

15

or collateral estoppel. *Manzaneres* 628 F.3d at 1240. Here, Plaintiffs were able to litigate the issues; they were not prevented from doing so because of res judicata or collateral estoppel arising from *Race Horse*. Despite the similar facts and issues in the cases, *Race Horse* did not involve the same tribe or privity and did not prevent Plaintiffs from arguing their positions in front of this Court.

This Court cannot grant relief from judgment simply because the law it applied has since been overruled in another unrelated proceeding. *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 650 (1st Cir. 1972). There is a need for finality of judgments. *Brown,* 608 F.2d at 413. Relief from judgment is an extraordinary remedy that requires a showing of more than a change in precedent. Cases where one judgment is "based on" another are rare and infrequent. *Manzaneres,* 628 F.3d at 1240. This is not one of those rare or infrequent cases. Granted, the Court may have come to the opposite conclusion if *Herrera* were binding precedent at the time the judgment was entered, but that is not enough, on its own, for this Court to grant relief from its judgment.

Rule 60(b)(6) does not provide an avenue of relief for Plaintiffs either. Plaintiffs argue the equities favor relief from this Court's decision regarding Wyoming's statehood and their treaty hunting rights. ECF No. 70 at 20. However, this Court's decision on statehood and treaty hunting rights was repudiated and no longer has preclusive effect in light of *Herrera*. 139 S. Ct. at 1697-98. There is no reason to grant relief from this portion of the case because it no longer stands as a barrier to the exercise of treaty hunting rights.

## E. Bighorn National Forest Occupation Holding

Preliminarily, Plaintiffs contend the Tenth Circuit's discussion of the occupation of the Bighorn National Forest is not a part of the judgment. ECF No. 70 at 22. It is unclear whether they are referring to this Court's judgment or the Tenth Circuit's final decision. In discussing the alternative holding on the occupation of the Bighorn National Forest, the Tenth Circuit explicitly stated, "the district court did not reach this issue." *Repsis,* 73 F.3d 982 at 993. Although, the parties raised the issue in their briefing on the summary judgment motions, this Court did not address the issue in its final judgment.

Despite the fact this Court did not address occupation in its judgment, the Tenth Circuit was entitled to affirm this Court's judgment on any grounds "for which there is a record sufficient to permit conclusions of law…." *Repsis,* 73 F.3d 982 at 993 (quoting *United States v. Sandoval,* 29 F.3d 537, 542 n.6 (10th Cir. 1994)). The Tenth Circuit addressed the Bighorn National Forest occupation as an alternative holding. *Repsis,* 73 F.3d 982 at 993. Thus, it was clearly part of the Tenth Circuit's decision affirming this Court's judgment, even though this Court did not address occupation in its judgment.

In the alternative, Plaintiffs contend this Court has the authority to vacate the Tenth Circuit's alternative holding on the occupation of the Bighorn National Forest. ECF No. 70 at 21. The Court does not believe it has the power to do so. Plaintiffs cite to *Standard Oil*, claiming it enables the Court to overturn the Tenth Circuit, but it does not. *Standard Oil* only addressed whether a district court must seek leave from an appellate court to reopen a case that was affirmed on appeal. *Standard Oil*, 429 U.S. at 18. The case does not address whether a district court can vacate an appellate court decision affirming the district

court's judgment when the appellate decision contains alternative holdings. These are distinct issues.

Plaintiffs have not provided this Court with any authority showing the Court has the power to vacate a Tenth Circuit decision on an issue completely different from that which this Court ruled on, and the Court genuinely questions whether it is possible. In a similar situation the District of Vermont expressed concerns that the appellate court's decision was erroneous, but acknowledged that it was subject to correction only by the Supreme Court or the appellate court itself; thus finding it could not grant relief under Rule 60(b). *Lapiczak v. Zaist,* 54 F.R.D. 546, 549 (D. Vt. 1972). Whether the Tenth Circuit's holding on occupation is erroneous, the issue would only be subject to correction through the Tenth Circuit or the U.S. Supreme Court. Thus, this Court declines to vacate the Tenth Circuit's holding on this issue.

### F. Conservation Necessity Holding

The Tenth Circuit's *Repsis* decision also held there was "ample evidence in the record to support the State's contention that its regulations were reasonable and necessary for conservation." *Repsis*, 73 F.3d 982 at 993. Again, this holding is an issue the Tenth Circuit chose to address, but this Court did not specifically address in its final judgment. Nowhere in this Court's final judgment is there an analysis of the applicability of conservation necessity. *See Repsis,* 866 F.Supp. 520. So, while the Court can state conservation necessity was not part of its own judgment, it was still an additional holding in the Tenth Circuit decision.

For the same reasons addressed in conjunction with the Tenth Circuit's occupation holding, this Court cannot vacate the Tenth Circuit's conservation necessity holding. It was not part of this Court's judgment and this Court has no authority to vacate a Tenth Circuit decision. *Standard Oil* gives this Court the authority to vacate its own judgment without leave of the appellate court that affirmed the judgment. *Standard Oil,* 429 U.S. at 18-19. But there is no authority to vacate an appellate court's decision, and the Court does not believe it has such power. *See Zaist,* 54 F.R.D. at 549.

Even if the Tenth Circuit's holding was erroneous, this Court cannot grant relief. Plaintiffs claim the holding does not follow the summary judgment standard and the Tenth Circuit did not address all the elements to make a conservation necessity finding. ECF No. 70 at 23-24. But the Court is not in a position to review or question a Tenth Circuit decision. The Tenth Circuit is the appellate court.

The Court acknowledges the Crow Tribe ceded large portions of land to the federal government in exchange for hunting rights but have experienced numerous obstacles and roadblocks to utilizing those rights. The Court also acknowledges state efforts to manage game within its borders, and all the difficulties that may arise in doing so. These issues have been a frequent topic that courts across the nation have grappled with; over the years the legal precedent has changed quite drastically. Nevertheless, the Court does not believe this case meets the requirements for relief from judgment. Likewise, the Court does not believe it has the power to grant the additional relief Plaintiffs request in the form of vacating the Tenth Circuit's decision.

## CONCLUSION

For the foregoing reasons the Court hereby **DENIES** Plaintiffs' Motion for Partial

Relief from Judgment. ECF No. 69.

Dated this *30th* day of June, 2021.

Alan B. Johnson
United States District Judge